UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEFFREY EVANS,<br><br>               Plaintiff,<br><br>     v.<br><br>INDIANA DEPARTMENT OF<br>CORRECTION and SGT. SMILEY,<br><br>               Defendants. | CAUSE NO.: 3:19-CV-645-RLM-MGG |

OPINION AN ORDER

Jeffrey Evans, a prisoner without a lawyer, filed this suit against the Indiana Department of Correction and Sgt. Smiley seeking to recover monetary damages for the loss of his personal property. A court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A document filed pro se is to be liberally construed, and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Evans alleges Sgt. Smiley took possession of his property on September 15, 2017, when Mr. Evans was temporarily transferred to the Kosciusko County Jail. When Mr. Evans returned to the Westville Correctional Facility several months later, his property couldn't be found. The Fourteenth Amendment provides that state officials shall not "deprive any person of life,

liberty, or property, without due process of law . . .." But a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. Hudson v. Palmer, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act (Indiana Code § 341331 *et seq.*) and other laws provide for state judicial review of property losses caused by government employees, and provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See* Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due.").

Mr. Evans explains he filed a notice of tort claim and then a state lawsuit that was dismissed when he missed a deadline. Though he didn't win his state case, the existence of those legal processes satisfies the due process requirements of the Fourteenth Amendment. The allegations presented in this case do not state a claim. Though courts ordinarily allow a plaintiff a chance to file an amended complaint when a case is dismissed sua sponte, *see* Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013), that's unnecessary when amendment would be futile. Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Amending this complaint would be futile because

there are no facts Mr. Evans could add that would allow him to state a claim for the loss of his property. The Constitution promises a process by which a claim can be resolved – and Mr. Evans had that process available to him – not the recovery of money damages.

For these reasons, the Complaint is DISMISSED as pursuant to 28 U.S.C. § 1915A.

SO ORDERED on August 20, 2019

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT